# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. CARLA HUNT | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) CASE NO.: |
| 1. ST. JOHN HEALTH SYSTEMS | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AND JURY DEMAND

Now comes Plaintiff, by and through his counsel, and for Complaint against the Defendant, states as follows:

## PARTIES AND JURISDICTION

1. At all times relevant hereto, Plaintiff, Carla Hunt has resided at in Tulsa, Oklahoma and is a citizen of Oklahoma. At all times relevant hereto Plaintiff was over forty (40) years of age.

2. At all times relevant hereto, Defendant, St. John Health Systems, a corporation licensed and doing business in Oklahoma, is and at all times mentioned herein was an employer within the meaning of the, the Americans with Disabilities Act (ADA) and the Family Medical Leave Act (FMLA).

3. This Court has jurisdiction over this matter as it involves a federal question based upon the ADA, 42 U.S.C. § 12111 *et seq.*

4. The United States District Court for the Northern District of Oklahoma is the proper venue for this action pursuant to 28 U.S.C. §1391 (b)(1) and (b)(2) because this is the District and Division in which Ms. Hunt resides and in which a substantial part of the events or omissions giving rise to the claims occurred.

**STATEMENT OF FACTS RELEVANT TO ALL CLAIMS**

5. Plaintiff, Carla Hunt, is a qualified individual with a disability within the meaning of the ADA and the FMLA.

6. Due to her medical condition, the plaintiff had to take time off of work, including time that the hospital classified as FMLA time. Before leaving from work, the plaintiff was a cardiovascular tech, earning in excess of $20 per hour.

7. After treatment for her medical condition, the plaintiff returned to work and was told that her old position was no longer available. The defendant's reasoning for not hiring her back into her old position was stated as being because the plaintiff's medical condition precluded her from resuming work at that job, a claim which the plaintiff disputed and explained her issue with to the defendant.

8. Still, the defendant refused, and instead hired a person without a disability for the role.

9. The plaintiff was then offered an alternate position at a much lower rate of pay. When the plaintiff agreed to take the position, but at her same rate of pay, the defendant refused.

10. Defendant refused to reasonably accommodate Plaintiff and refused to allow Plaintiff to return to work at her same rate of pay or at the same job.

11. The plaintiff was then fired on or about November 14, 2014.

**CLAIM OF DISABILITY DISCRIMINATION**

12. The allegations contained in paragraphs 1 through 11 inclusive are hereby incorporated by reference.

13. From the time of his injury to the day of his termination, the Plaintiff was capable of performing the duties of several available suitable positions at the Defendant's facilities.

14. From the time of her return from medical treatment to the day of her termination, Plaintiff attempted to be placed in available suitable positions at the Defendant's facilities on numerous occasions.

15. During such time, Defendant continually, intentionally, and in a discriminatory manner refused to allow Plaintiff to return to her former position or any other position at the same rate of pay for the same duties because of her disability.

16. Defendants' termination of Plaintiff was not based on any medical justification and was discriminatory as to Plaintiff. Defendant terminated Plaintiff because of her disability.

17. Such adverse employment actions by Defendant was in violation of the ADA.

18. Following Defendant's termination of Plaintiff, Plaintiff was replaced by a non-disabled individual.

19. As a result of Defendants' actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which she should be compensated.

**ATTORNEY'S LIEN CLAIMED**
**JURY DEMANDED**

                Respectfully submitted,

                /s/ Anthony Allen
                Anthony L. Allen  OBA #19738
                ANTHONY ALLEN & ASSOC.
                106 S. Okmulgee Ave.
                Okmulgee, Oklahoma 74447
                Phone: 800.409.1915
                Fax: 888.397.3643
                *Attorney for the Petitioner*