IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARLA HUNT, | § |
| Plaintiff | § § § |
| vs. | § § NO. 4:15-cv-00638-GKF-FHM |
| ST. JOHN MEDICAL CENTER, INC., | § § § |
| Defendant. | § § § |

**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
AND BRIEF IN SUPPORT**

Defendant St. John Medical Center, Inc. ("SJMC") moves the Court pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for an Order dismissing Plaintiff's claims against it pursuant to the doctrine of judicial estoppel. Plaintiff failed to disclose and therefore concealed her claims against SJMC in her now-closed bankruptcy case and should be estopped from proceeding. Her Complaint should be dismissed in its entirety.

**I. Standard of Review**

Pursuant to Rule 12(c), a party may move for judgment on the pleadings at any time after the pleadings are closed. Fed. R. Civ. P. 12(c). The same standard applies on a motion for judgment on the pleadings as on a motion to dismiss pursuant to Rule 12(b)(6). *Atlantic Richfield Co. v. Farm Credit Bank*, 226 F.3d 1138, 1160 (10th Cir. 2000). "A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff." *Hill v. Koch*, No. 12-CV-592-GKF-FHM, 2012 U.S. Dist. LEXIS 175946, at *6 (N.D. Okla. Dec. 12, 2012).

Normally, when a motion to dismiss under Rule 12(b)(6) presents matters outside of the pleadings, the motion should be treated as one for summary judgment, but this is not always the case. *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006). The Court may consider "facts subject to judicial notice" including "its own files and records, as well as facts which are a matter of public record." *Id.* Courts routinely take judicial notice of bankruptcy records for the purposes of deciding motions like this one. *See, e.g., Kirby v. United States*, No. 07-CV-568-PJC2009 U.S. Dist. LEXIS 8981, at *10 n.2 (N.D. Okla. Feb. 6, 2009); *Malloy v. Reed*, No. 05-CV-0107-CVE-FHM, 2006 U.S. Dist. LEXIS 55911, at *4 (N.D. Okla. Aug. 9, 2006). Defendants therefore respectfully request that the Court take such notice here.[1]

## II. Relevant Background

Plaintiff Carla Hunt was an employee of SJMC. *See generally* Complaint (Doc. No. 1). Her employment with SJMC was terminated on November 14, 2014. *See id.* ¶ 11.

On November 22, 2010, Plaintiff filed for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Northern District of Oklahoma. *See* Voluntary Petition, Case No. 4:19-14038-R (Bankr. N.D. Okla.), Doc. No. 1 (attached hereto as Exhibit A); *see also* Docket Sheet (attached hereto as Exhibit B). On January 23, 2015, Plaintiff voluntarily converted her bankruptcy to Chapter 7. *See* Docket Sheet at Doc. No. 64. On February 5, 2015, Plaintiff filed amended sworn schedules updating her assets and liabilities, but did not identify any claims against SJMC. *See* Am. Summary of Schedules, Doc. No. 74 (attached hereto as Exhibit C).[2]

---

[1] Plaintiff herself has asked the Court to take judicial notice of her bankruptcy. *See* Pl.'s Mtn. Jmt. on Pleadings (Doc. No. 35) at 3.

[2] In her own motion, Plaintiff admitted, "[c]andidly, at no time in the schedules of the bankruptcy, either while it was a Chapter 13 restructuring plan, or when it was converted to a Chapter 7, did the plaintiff herein ever list or otherwise disclose that she had a pending claim for

On February 25, 2015, the Chapter 7 Trustee reported that there was no property available for distribution. *See* Docket Sheet at Doc. No. 76. The Bankruptcy Court ultimately granted Plaintiff a no-asset discharge. *See id.* at Doc. Nos. 82, 89.

Plaintiff filed her Complaint against SJMC on November 6, 2015. *See* Complaint (Doc. No. 1). She brings claims under the Americans with Disabilities Act. *See id.* ¶¶ 15-17.

### III. Analysis and Authorities

Dismissal is proper under Rule 12(c) because the doctrine of judicial estoppel prohibits plaintiffs from asserting inconsistent positions in two or more different courts of law. By concealing her claims from the bankruptcy court, Plaintiff has asserted inconsistent claims in two separate courts of law—this Court and the bankruptcy court.

The doctrine of judicial estoppel prohibits a party from taking inconsistent positions in the same or related litigation. *Eastman v. Union Pac. R.R.*, 493 F.3d 1151, 1156 (10th Cir. 2007). "[T]he doctrine's 'purpose is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment.'" *Id.* (citing *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001)).

"In the bankruptcy context, a party may be judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Stallings v. Hussman Corp.*, 447 F.3d 1041, 1047 (8th Cir. 2006). "The success of our bankruptcy laws requires a debtor's full and honest disclosure." *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1283 (11th Cir. 2002).

Three factors are relevant in determining whether to apply the doctrine:

---

employment discrimination as alleged in her Charge of Discrimination or in her suit as filed herein." *See* Doc. No. 35 at 3.

> First, a party's subsequent position must be clearly inconsistent with its former position.  Next, a court should inquire whether the suspect party succeeded in persuading a court to accept that party's former position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled[.]  Finally, the court should inquire whether the party seeking to assert an inconsistent position would gain an unfair advantage in the litigation if not estopped.

*Eastman*, 493 F.3d at 1156 (citing *New Hampshire*, 532 U.S. at 750-51) (internal quotations and citations omitted).  A review of the three factors in the present case supports the application of judicial estoppel and the dismissal of Plaintiff's claims because Plaintiff should be precluded from reaping the benefits of playing fast and loose with this Court and the bankruptcy court.

Under the first factor, there can be no doubt that Plaintiff's position in the bankruptcy case is "clearly inconsistent" with her position in this case.  "The bankruptcy code imposes a duty upon a debtor to disclose all assets, including contingent and unliquidated claims. . . . That duty encompasses disclosure of all legal claims and causes of action, pending or potential, which a debtor might have.  *Id.* at 1159 (citing 11 U.S.C. § 521(1)).  Assets must be disclosed on the bankruptcy schedules; "notifying the trustee by mail or otherwise is insufficient to escape judicial estoppel."  *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 784 (9th Cir. 2001).  In her bankruptcy case, Plaintiff stated, under penalty of perjury, that she had no contingent claims.  She updated her assets and liabilities after she voluntarily converted from a Chapter 13 to a Chapter 7 proceeding in early 2015.  This was <u>after</u> her employment with SJMC had been terminated and <u>after</u> she had initiated her EEOC proceeding.  *See* EEOC Charge, signed November 13, 2014 (attached hereto as Exhibit D).[3]  Yet Plaintiff failed to inform the Bankruptcy Court of her claims against SJMC.

---

[3] Consideration of an underlying EEOC charge document does not convert the motion to one for summary judgment.  *See Martin v. Cent. States Emblems, Inc.*, No. 04-3417, 2005 U.S. App. LEXIS 21950, at *857-58 (10th Cir. 2005).

In *Cannon-Stokes v. Potter*, the Seventh Circuit considered a similar situation. 453 F.3d 446, 447 (7th Cir. 2006), *cited with approval in Eastman*, 493 F.3d at 1159. The plaintiff filed for Chapter 7 bankruptcy while pursuing an administrative claim against her employer for failure to accommodate a disability. The plaintiff failed to disclose her claims against her employer in the bankruptcy proceeding and obtained a no-asset discharge based on her assertions. In concluding she was judicially estopped from proceeding in her employment case, the court said:

> It is impossible to believe that such a sizeable claim – one central to her daily activities at work – could have been overlooked when Cannon-Stokes was filling in the bankruptcy schedules. And if Cannon-Stokes were really making an honest attempt to pay her debts, then as soon as she realized that it had been omitted, she would have filed amended schedules and moved to reopen the bankruptcy, so that the creditors could benefit from any recovery. Cannon-Stokes never did that; she wants every penny of the judgment for herself.

*Id.* at 448. "The ever present motive to conceal legal claims and reap the financial rewards undoubtedly is why so many of the cases applying judicial estoppel involve debtors-turned-plaintiffs who have failed to disclose such claims in bankruptcy. The doctrine of judicial estoppel serves to offset such motive, inducing debtors to be completely truthful in their bankruptcy disclosures." *Eastman*, 493 F.3d at 1159-60 (holding on similar facts that plaintiff took "clearly inconsistent" positions). The first *New Hampshire* factor is met here.

On the second factor, the Tenth Circuit has said:

> Our concern is not so much with whether [the plaintiff] acted with some nefarious motive as it is with whether [her] actions led the bankruptcy court to accept [her] position, so that judicial acceptance of an inconsistent position in a later proceeding would introduce the risk of inconsistent court determinations and thus pose a threat to judicial integrity.

*Queen v. TA Operating, LLC*, 734 F.3d 1081, 1091 (10th Cir. 2013). In *Queen*, the facts were almost identical to those here:

> [T]he proper inquiry . . . involves the position [the plaintiff] took in [her] amended filings, which is the position the bankruptcy court ultimately accepted.

> In other words, because [she] received a discharge in bankruptcy based on [her] amended filings, the relevant question is whether [the plaintiff] persuaded the bankruptcy court to adopt an inconsistent position based on [her] representations in the amended filings.

*Id.* It made no difference that the plaintiff eventually disclosed the lawsuit to the bankruptcy court once her failure to disclose it in a timely manner was revealed. *Id.* The bankruptcy court accepted the plaintiff's inconsistent position and granted her a discharge; that creates the perception that the bankruptcy court was misled, thus satisfying the second *New Hampshire* factor. *Id.*; *Eastman*, 493 F.3d at 1159 (finding it an "obvious 'perception'" that the plaintiff misled the bankruptcy court).

Under the third and final *New Hampshire* factor, the Tenth Circuit has said that a plaintiff derives "a substantial unfair advantage" when the bankruptcy trustee relies on his or her misrepresentation that there are no assets available for distribution to creditors. *Queen*, 734 F.3d at 1092. More specifically, a plaintiff should not be allowed to pursue the undisclosed litigation "without the risk that any of the award would go to [his or her] creditors." *Id.* In *Stallings*, the court gave the following example to illustrate this third and final factor:

> [A] debtor who files his bankruptcy petition, subsequently receives a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC), and then fails to amend his bankruptcy petition to add his lawsuit against his employer as a potential asset is estopped from bringing the lawsuit because the debtor "knew about the undisclosed claims and had a motive to conceal them from the bankruptcy court."

*Stallings*, 447 F.3d at 1048 (quoting *DeLeon v. Comcar Indus., Inc.*, 321 F.3d 1289, 1291 (11th Cir. 2003)). Again, this is precisely what happened here. Plaintiff began pursuing an EEOC charge based on the termination of her employment, amended her bankruptcy schedules shortly thereafter, but never disclosed any claims against SJMC, despite her <u>continuing</u> duty to disclose

all assets or potential assets to the bankruptcy court. *See DeLeon*, 321 F.3d at 1292. On these facts, we can infer the plaintiff's "intent 'to make a mockery of the judicial system.'" *Id.*

That Plaintiff or her attorney may have made a mistake or that she had no intention to deceive is of no consequence.

> A large portion of debtors who file for chapter 7 bankruptcy surely are as "unsophisticated" and "unschooled" as [the plaintiff], yet have little difficulty fully disclosing their financial condition to the bankruptcy court. [The plaintiff]'s assertion that he simply did not know better and his attorney "blew it" is insufficient to withstand application of the doctrine.

*Eastman*, 493 F.3d at 1159. As in *Queens*, Plaintiff is "bound by the acts of [her] bankruptcy attorney, and moreover, [she] affirmed under penalty of perjury that the filings were accurate to the best of [her] knowledge." 734 F.3d at 1094; *see also Eastman*, 493 F.3d at 1157 (citing *Cannon-Stokes*, 453 F.3d at 449) ("Noting a client is bound by the acts of her attorney and the remedy for bad legal advice rests in malpractice litigation, the court explained the signature on the bankruptcy schedule was the debtor's, the representation she made therein was false, and she received the benefit of a discharge without seeking to make her creditors whole."). Plaintiff "voluntarily chose this attorney as h[er] representative in the action, and [s]he cannot now avoid the consequences of the acts or omissions of this freely selected agent. . . . [K]eeping this suit alive merely because plaintiff should not be penalized for the omissions of h[er] own attorney would be visiting the sins of plaintiff's lawyer upon the defendant." *Barger v. City of Cartersville*, 348 F.3d 1289, 1295 (11th Cir. 2003) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 & n.10 (1962)). Further,

> Even if [a plaintiff's] failure to disclose could be blamed on her attorney, the nondisclosure could not in any event be considered inadvertent. The failure to comply with the Bankruptcy Code's disclosure duty is "inadvertent" only when a party either lacks knowledge of the undisclosed claim or has no motive for their concealment.

*Id.*  Here, Plaintiff had already filed her EEOC charge when she amended her schedules and obtained a discharge, and under the *New Hampshire* test, she had a motive to conceal her claims.

As the Tenth Circuit has made clear in the face of "overwhelming authority," Plaintiff's situation satisfies all three *New Hampshire* factors:

> A debtor, once he files for bankruptcy, disrupts the flow of commerce and promptly benefits from an automatic stay.  The debtor then receives the ultimate benefit of bankruptcy when he receives a discharge.  A chapter 7 discharge . . . relieves the debtor of any obligation to pay outstanding debts.  This in the aggregate drives up interest rates and harms creditworthy borrowers.  In exchange for these benefits, the bankruptcy code required only that [the plaintiff] fully and accurately disclose his financial status.  Such disclosure was absent in this matter for no satisfactory reason.  Instead, [the plaintiff] took "clearly inconsistent" positions in the bankruptcy and district courts. The obvious "perception" is that [the plaintiff] misled the bankruptcy court.  And [the plaintiff] received the benefit of a discharge without ever having disclosed his pending personal injury action against Defendants, thus providing him an unfair advantage over his creditors.

*Eastman*, 493 F.3d at 1159-60 (citations omitted).  Because all three *New Hampshire* factors are met, the doctrine of judicial estoppel should be applied to prevent Plaintiff's pursuit of her claims here.  Judgment on the pleadings is appropriate.

## IV. Conclusion

Plaintiff's Complaint fails because she is judicially estopped from proceeding now that her bankruptcy case is closed and she has been granted a discharge on the basis of incomplete disclosures regarding her claims in this case.  Defendant St. John Medical Center, Inc. therefore respectfully requests that the Court enter an Order dismissing Plaintiff's Complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ Eva C. Madison
Eva C. Madison (OBA #18103)
LITTLER MENDELSON, P.C.
217 E. Dickson St., Suite 204
Fayetteville, Arkansas 72701
Telephone:  479-582-6100
Fax:  479-582-6111
emadison@littler.com

Aundrea L. Gamble Holt (OBA #31793)
LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, Texas 75201-2931
Telephone:  214-880-8100
Fax:  214- 880-0181
aholt@littler.com

John D. Russell (OBA #13343)
GABLEGOTWALS
1100 ONEOK Plaza
100 West 5th Street
Tulsa, OK  74103-4217
Telephone:  918- 595-4800
Fax:  918-595-4990
jrussell@gablelaw.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of November, 2016, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel who have entered an appearance in this action.

/s/ Eva C. Madison

Firmwide:143846868.3 077095.1004