### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARLA HUNT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-CV-638-GKF-FHM |
| ) | |
| ST. JOHN MEDICAL CENTER, INC., ) | |
| ) | |
| Defendant. ) | |

### ORDER

Before the court is the Motion for Judgment on the Pleadings filed by defendant St. John Medical Center, Inc. ("SJMC") [Doc. #40].

In this case, plaintiff Carla Hunt brings a disability discrimination claim against SJMC under the Americans with Disabilities Act ("ADA"). SJMC argues dismissal is proper under Rule 12(c) based on the doctrine of judicial estoppel. Specifically, SJMC argues Ms. Hunt failed to list her claim against SJMC among her assets in a bankruptcy case and should be estopped from asserting that claim here.

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is subject to the same standard applicable to a motion under Fed. R. Civ. P. 12(b)(6). *Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223 (10th Cir. 2009). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the plaintiff has stated a claim upon which relief can be granted. A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

SJMC attached to its motion copies of the docket sheet from Ms. Hunt's bankruptcy case, two filings from that case, and Ms. Hunt's Charge of Discrimination against SJMC filed with the

EEOC. Facts subject to judicial notice may be considered without converting a motion for judgment on the pleadings into a motion for summary judgment. *See Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n. 1 (10th Cir. 2004) (citing 27A Fed. Proc., L.Ed. § 62:520 (2003)) (addressing motion to dismiss). "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Id.* (citing *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000) (*abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001) (alteration in original)). The court takes judicial notice of the four exhibits attached to SJMC's motion.

Ms. Hunt filed a Voluntary Petition for Chapter 13 bankruptcy on November 22, 2010. [Doc. #40-1]. On November 17, 2014, Ms. Hunt filed a Charge of Discrimination with the EEOC, stating that she had suffered three seizures on September 3, 2012, January 3, 2014, and May 2, 2014. [Doc. #40-4, p. 1]. Ms. Hunt's EEOC charge also stated that, after the third seizure, her doctor authorized her to return to work at SJMC, with some restrictions. [*Id.*]. Ms. Hunt further stated that she was removed from her position at SJMC, placed in a temporary position that paid less than her current salary, and told she had thirty days to find a position she was qualified to do. [*Id.*].

On January 23, 2015, Ms. Hunt voluntarily converted her bankruptcy from Chapter 13 to Chapter 7. [Doc. #40-2, p. 10]. On February 5, 2015, Ms. Hunt filed amended schedules updating her assets and liabilities. [Doc. #40-3]. The amended schedules did not list Ms. Hunt's discrimination claim against SJMC among her assets. In response to SJMC's motion, Ms. Hunt concedes, "[c]andidly, at no time in the schedules of the bankruptcy . . . did the plaintiff herein ever list or otherwise disclose that she had a pending claim for employment discrimination as alleged in her *Charge of Discrimination* or in her suit as filed herein." [Doc. #43, p. 3]. The

bankruptcy court entered an order of discharge on May 6, 2015. [Doc. #40-2, p. 12]. On November 6, 2015, Ms. Hunt filed this lawsuit. [Doc. #1].

Judicial estoppel is an equitable doctrine invoked by a court at its discretion upon consideration of three factors:

> First, a party's subsequent position must be clearly inconsistent with its former position. Next, a court should inquire whether the suspect party succeeded in persuading a court to accept that party's former position, so that judicial acceptance of an inconsistent position in a later proceeding would create the *perception* that either the first or the second court was misled[.] Finally, the court should inquire whether the party seeking to assert an inconsistent position would gain an unfair advantage in the litigation if not estopped.

*Queen v. TA Operating, LLC*, 734 F.3d 1081, 1087 (10th Cir. 2013) (quoting *Eastman v. Union Pac. R.R. Co.*, 493 F.3d 1151, 1156 (10th Cir. 2007)) (emphasis and alteration in original).

"[I]t *may* be appropriate to resist application of judicial estoppel when a party's prior position was based on inadvertence or mistake." *Eastman*, 493 F.3d 1157 (quoting *New Hampshire v. Maine*, 532 U.S. 742, 753 (2001)) (emphasis added in *Eastman*). However, "courts addressing a debtor's failure to satisfy the legal duty of full disclosure to the bankruptcy court have deemed such failure inadvertent or mistaken only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." 493 F.3d at 1157 (quoting *In re Coastal Plains, Inc.*, 179 F.3d 197, 210 (5th Cir. 1999)) (internal quotation removed).

In *Eastman*, the Tenth Circuit affirmed a district court's grant of summary judgment[1] based on judicial estoppel where the plaintiff asserting a personal injury claim failed to disclose that

---

[1] Judicial estoppel may also warrant entry of judgment on the pleadings. *See Kimberlin v. Dollar Gen. Corp.*, 520 F.App'x 312 (6th Cir. 2013) (unpublished) (affirming district court's grant of motion for judgment on the pleadings where a debtor failed to disclose the existence of his claim in bankruptcy).

claim in bankruptcy. 493 F.3d at 1153. The court concluded the debtor took clearly inconsistent positions in the bankruptcy and district courts, the "obvious perception" was that the debtor misled the bankruptcy court, and the debtor's actions provided him with an unfair advantage over his creditors. *Id.* at 1159-60; *see also Queen*, 734 F.3d at 1092 ("if not estopped, the [debtors] would gain an unfair advantage by being allowed to proceed with the District Court Action, because they could pursue the litigation without the risk that any of the award would go to their creditors.").

SJMC argues "the doctrine of judicial estoppel should be applied to prevent Plaintiff's pursuit of her claims here." [Doc. #40, p. 8]. In response, Ms. Hunt argues that her failure to disclose the claim in the bankruptcy proceedings "was neither intentional on her part nor in her actual control."[2] [Doc. #43, p. 8].

The court concludes the application of judicial estoppel is appropriate here. Ms. Hunt's position before the bankruptcy court was clearly inconsistent with her position in this case. Ms. Hunt failed to inform the bankruptcy court that her assets included a claim against SJMC, creating the obvious perception that she misled the bankruptcy court. Finally, if not estopped, Ms. Hunt would gain an unfair advantage by being allowed to pursue this litigation without the risk that any of the award would go to her creditors.

---

[2] Ms. Hunt's counsel states in the response brief both he and Ms. Hunt advised Ms. Hunt's bankruptcy counsel of the EEOC charge. [Doc. #43, p. 3]. None of the documents before the court support these statements. In any event, the court in *Eastman* rejected a similar argument. 493 F.3d at 1157 (rejecting debtor's argument "plac[ing] the blame on his bankruptcy attorney whom [the debtor] claims he informed of the pending lawsuit early in the bankruptcy proceedings[.]"); *see also Barger v. City of Cartersville, Ga.*, 348 F.3d 1289, 1295 (11th Cir. 2003) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.") (quoting *Link v. Wabash R.R. Co.,* 370 U.S. 626, 633–34 (1962)).

As for Ms. Hunt's argument that her failure to disclose was inadvertent, the bankruptcy court documents and EEOC charge submitted with SJMC's motion show that Ms. Hunt had knowledge of her undisclosed claim during the bankruptcy proceedings. Furthermore, Ms. Hunt had a motive to conceal the claim to shield any resulting award from her creditors. Ms. Hunt's argument does not satisfy the Tenth Circuit's standard for inadvertence, as described in *Eastman*. *See* 493 F.3d at 1157.

Because Ms. Hunt is judicially estopped from bringing her claim, the court concludes SJMC is entitled to judgment on the pleadings.

WHEREFORE, SJMC's Motion for Judgment on the Pleadings [Doc. #40] is granted.

IT IS SO ORDERED this 2nd day of February, 2017.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT